UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ALLEN LLOYD SWINDLER, | Case No. 6:24-cv-00590-AA |
| | (Lead case) |
| Plaintiff, | Case No. 6:24-cv-01465-AA |
| | (Trailing case) |
| v. | |
| JOHN HANLIN and CLAYTON RUBLE, | ORDER |
| Defendants. | |

AIKEN, District Judge.

Plaintiff, an adult in custody (AIC) at the Douglas County Jail, filed these consolidated actions pursuant to 42 U.S.C. § 1983 and alleged, among other claims, that Defendants' mail and publication policies violate his rights under the First Amendment. Plaintiff moves for a preliminary injunction enjoining Defendants from implementing a mail policy that requires incoming mail to be scanned and stored in digital form. Pl.'s Mot. at 2 (ECF No. 17).

1 - ORDER

To obtain preliminary injunctive relief, Plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, Plaintiff must show that "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff" support his request for a preliminary injunction, "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1135 (9th Cir. 2011).

Plaintiff claims that Douglas County Jail's new mail policy requires all mail to be opened, scanned, and uploaded digitally to a "CIDNET' system, and that AICs must read their mail through a "viewing box," i.e., a kiosk, located in the dayroom; the original mail is not given to AICs and is stored in their property bins. Pl.'s Mot. at 2-3, 5; Ruble Decl. ¶ 7 & Ex. 1 at 2. Defendants have implemented this policy to combat the introduction of narcotics through incoming mail, reduce hoarding of books and paper, and limit the use of such items to cover cell windows and cameras. Ruble Decl. ¶¶ 2-10. Plaintiff argues that this policy violates his First Amendment rights because jail officials are opening and scanning his legal mail, the kiosk is visible to all AICs in the dayroom, and the policy has a "chilling" effect on the mail Plaintiff sends and receives.

I find that Plaintiff fails to establish a likelihood of success on the merits. First, Plaintiff fails to show that Defendants are opening and scanning confidential, legal mail entitled to constitutional protection. Individuals in custody "have a protected First Amendment interest in having properly marked legal mail opened only in their presence." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017); *see also Wolff v. McDonnell*, 416 U.S. 539, 577 (1974);

2 - ORDER

*Nordstrom v. Ryan*, 762 F.3d 903, 909-10 (9th Cir. 2014). However, legal mail entitled to constitutional protection is correspondence to or from an AIC's attorney that is properly marked as "legal mail." *See Wolff*, 418 U.S. at 576-77. Plaintiff alleges that Defendants opened and scanned mail from this Court and Defendants' counsel; however, such mail is not confidential attorney-client communications and is not "legal mail" for purposes of the First Amendment. *See* Ruble Decl. ¶ 10 & Ex. 2 (listing Plaintiff's incoming mail that was scanned and uploaded to the CIDNET system).

Second, Plaintiff does not allege actual interference with his incoming mail. Rather, Plaintiff's claim centers on the fact that he does not receive the original documents and must view his mail in digital form. Plaintiff cites no case holding that the practice of scanning and digitally storing AICs' incoming mail violates the First Amendment and several courts have found to the contrary. *See Rancourt Little Mountain Woodell v. Wetzel*, 2022 WL 17424287, at *2 (3d Cir. Dec. 6, 2022) (finding no "precedent that clearly establishes that it violates the First Amendment for the DOC to use vendors…to scan non-privileged mail, send the digital files to the prisons, and destroy the originals"); *Human Rights Defense Ctr. v. Bd. Cty. Comm'rs for Strafford Cty.*, 654 F. Supp. 3d 85, 92-100 (D. N.H. 2023) (finding that a policy banning all incoming paper mail, including books and periodicals, survived constitutional scrutiny): *Harris v. Cota*, 2023 WL 4195672, at *5 (W.D. Mich. June 27, 2023) (finding that "Plaintiff's displeasure with his receipt of the copy, not the original, simply does not rise to the level of a First Amendment violation"); *Williams v. Redman*, 2021 WL 1907224, at *4 (N.D. Ind. May 12, 2021) (stating that the "First Amendment protects *communication*, not pieces of paper"). Thus, at this stage of the litigation, Plaintiff does not show a likelihood of success on the merits to warrant preliminary injunctive relief.

3 - ORDER

Likewise, Plaintiff fails to show the likelihood of irreparable harm. Plaintiff receives and can view incoming mail, though in digital form, and the fact that Plaintiff does not receive original documents does not constitute irreparable harm. As explained above, Plaintiff presents no evidence that Douglas County officials are intercepting and reading confidential, legal mail from an attorney or that Defendants' mail policy exposes his personal communications to unauthorized third parties. *See, e.g., Diez v. Texas Dep't of Crim. Justice*, 2024 WL 1959293, at *2 (S.D. Tex. May 3, 2024) (finding that the plaintiff potentially stated a First Amendment claim arising from the scanning and storing of AICs' mail "on a server accessible through the internet").

Finally, Plaintiff cannot show that the balance of hardships and public interest weigh in his favor when Defendants proffer reasonable security and institutional interests to support their mail policy. *See* Ruble Decl. ¶¶ 2-5.

## CONCLUSION

For the reasons stated above, Plaintiff's Motions for Restraining Order (ECF Nos. 17, 18 in Case No. 6:24-cv-00590-AA) are DENIED.

IT IS SO ORDERED.

DATED this  23rd  day of October, 2024.

        /s/Ann Aiken
    ANN AIKEN
United States District Judge